IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA BROWN #394918, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00527 ) ) JUDGE RICHARDSON |
| MEDICAL STAFF AT CORE CIVIC, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Brown, an inmate at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed without prepaying fees and costs and directed him to file an Amended Complaint. (Doc. Nos. 10, 14.) Plaintiff complied. The Amended Complaint (Doc. No. 19) is before the Court for an initial review under the Prison Litigation Reform Act.

**I.     Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A.     Factual Allegations**

As alleged by Plaintiff, this action concerns events that occurred at TTCC on the evening of October 31, 2020, after Plaintiff assaulted an officer. (Doc. No. 19 at 5.) Lieutenant Murray pepper sprayed him, placed him in handcuffs, and escorted him to an intake cell. (*Id.* at 4–5.) Once

in the cell, with Plaintiff still cuffed, Murray punched and kneed Plaintiff in the face, breaking Plaintiff's jaw "in 5 places." (*Id.*) An unidentified nurse was assigned to assess Plaintiff's injury, and she did not provide any treatment because Murray told her that Plaintiff was fine. (*Id.* at 4–5, 7.) Plaintiff also received no treatment over the next four months despite complaining of his condition daily and submitting several written requests. (*Id.* at 4–5.) Plaintiff eventually passed out from an infection, after which he had surgery to repair his jaw. (*Id.*) Plaintiff sues Lt. Murray and the unidentified Jane Doe nurse, requesting monetary damages. (*Id.* at 1–2, 5.)

### B. Legal Standard

To determine whether the Complaint "fails to state a claim on which relief may be granted" under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

### 1. Capacity of Defendants

As an initial matter, the Court must clarify the capacity in which Plaintiff is suing the Defendants. The Complaint form has boxes under a defendant's name for plaintiffs to check whether they are suing defendants in their individual capacity, official capacity, or both. Plaintiff checked just the official-capacity box for Jane Doe Nurse, and he checked both boxes for Lt. Murray. (Doc. No. 19 at 2.) "However, a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" individual-capacity claims. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). The Court "employ[s] a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." *Id.* (citing *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)). In doing so, the Court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Goodwin v. Summit Cnty.*, 703 F. App'x 379, 382 (6th Cir. 2017) (quoting *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)).

Here, the nature of Plaintiff's claim against Jane Doe Nurse is that she personally denied him medical treatment. (Doc. No. 19 at 4 ("Jane Doe was the primary nurse assigned to assess my injury.").) The caption of the Complaint also refers to Jane Doe by name rather than official title (*id.* at 1), and Plaintiff requests compensatory damages. (*Id.* at 5.) These factors all reflect that the Complaint provides sufficient notice to Jane Doe Nurse of her potential individual liability. *See Moore*, 272 F.3d at 773. And "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against [Jane Doe Nurse] individually," the Sixth Circuit has counseled that "this doubt should be resolved in [] favor [of] a pro se plaintiff." *Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.

1999)). Accordingly, the Court will consider this action as being brought against both Defendants in their individual and official capacities.

### 2. Dismissal of Official-Capacity Claims

Plaintiff alleges that Jane Doe and Lt. Murray are employed by CoreCivic. (Doc. No. 19 at 2.) Thus, Plaintiff's official-capacity claims are essentially against CoreCivic. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). To state a claim against a private entity like CoreCivic, however, Plaintiff must allege that a policy or custom of CoreCivic directly caused him to suffer a constitutional violation. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Here, Plaintiff does not allege that the Defendants' conduct was attributable to a policy or custom of CoreCivic. Accordingly, Plaintiff fails to state a claim against CoreCivic, and his official-capacity claims against the Defendants will be dismissed.

### 3. Excessive Force

The Eighth Amendment establishes the right for prisoners to be free from excessive force by prison officials. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)). This claim has objective and subjective components. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Id.* at 585 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). The subjective component requires the Court to consider whether the alleged force applied by a prison official was "in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 580 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, accepting Plaintiff's allegations as true, the Court concludes that Plaintiff states an excessive force claim against Lt. Murray. Because Plaintiff acknowledges that he assaulted an officer, Murray's alleged use of pepper spray to subdue Plaintiff and place him in handcuffs may not have violated the Eighth Amendment. But after Plaintiff was restrained and placed in cuffs, Murray allegedly punched and kicked Plaintiff in the face, breaking his jaw. The pain inflicted by such a use of force is objectively sufficiently serious, and Plaintiff's allegations provide a plausible basis to infer that Murray's subjective motivation was to cause harm rather than maintain discipline. Accordingly, this claim may proceed for further development.

### 4. Inadequate Medical Treatment

The Eighth Amendment "is violated when prison doctors or officials are deliberately indifferent to [a] prisoner's serious medical needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock*, 273 F.3d at 703).

Here again, accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court concludes that Plaintiff states a claim against Jane Doe Nurse for denial of

adequate medical care. For the purpose of initial review, Plaintiff's alleged broken jaw was a sufficiently serious medical need. And by alleging that Jane Doe Nurse assessed Plaintiff but administered no medical treatment based on Lt. Murray's statement that Plaintiff was fine, Plaintiff also alleges that the Nurse was aware of and deliberately disregarded Plaintiff's serious medical need. This claim may proceed for further development as well.

## II. Conclusion

For these reasons, the Court concludes that Plaintiff states colorable individual-capacity Eighth Amendment claims against Lt. Murray for using excessive force and against Jane Doe Nurse for providing inadequate medical care. Plaintiff's official-capacity claims are **DISMISSED**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send Plaintiff two service packets (a blank summons and USM 285 form). Plaintiff **MUST** complete a service packet for each Defendant and return each completed service packet to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

As to Jane Doe Nurse, Plaintiff is advised that process cannot be served upon an unnamed defendant. Service generally must be made upon all defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Accordingly, Plaintiff must conduct a reasonable investigation to promptly determine the full name of Jane Doe Nurse and, once properly identified, return a completed service packet for this Defendant. The Magistrate Judge also may, in his discretion, allow early, limited discovery to determine the full name of Jane Doe Nurse.

Plaintiff is warned that failure to return completed service packets within the required time period could jeopardize his prosecution of this action, but he may request additional time for complying with this Order, if necessary. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE