IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDICAL STAFF AT CORECIVIC, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:21-CV-00527 <br> Judge Richardson/Frensley |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before the Court upon a Motion for Summary Judgment filed by the Defendants, Medical Staff at CoreCivic, et al. Docket No. 72. In support of this Motion, Defendants contemporaneously filed a Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 73) and a Statement of Undisputed Material Facts (Docket No. 74). Brown did not respond to the motion or the statement of facts, nor did he file any request for an extension of time within which to do so.

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact, and that Defendants are entitled to summary judgment as matter of law. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Docket No. 72) be **GRANTED**.

## II. BACKGROUND

Plaintiff, Joshua Brown ("Mr. Brown"), is an inmate residing at Trousdale Turner Correctional Center ("Trousdale"). Docket No. 19, p. 2. Mr. Brown filed this action to recover for

injuries that resulted from alleged Eighth Amendment violations. *Id.* at 3. Mr. Brown alleges that defendant Craig Murray ("Mr. Murray") used excessive force when he punched and kneed him in the face, breaking his jaw in five places. *Id.* at 5. Additionally, Mr. Brown alleges that defendant Jennifer Stewart ("Nurse Stewart") failed to provide him necessary medical attention when she examined him after the alleged excessive force by Mr. Murray. *Id*. Mr. Brown now seeks $400,000 ($150,000 for the excessive force claim and $250,000 for the inadequate medical treatment claim) in damages. *Id*.

### III. UNDISPUTED FACTS[1]

On October 30, 2020, Mr. Murray conducted a search of Mr. Brown. Docket No. 74, p. 1. During the search, Mr. Brown became aggressive and defiant and attempted to physically assault Mr. Murray. *Id*. As a result, Mr. Murray fired a burst of pepper-spray in Mr. Brown's direction and then placed him in restraints. *Id*. Mr. Murray did not punch or kick Mr. Brown in the face during the incident. *Id.* at 2.

Mr. Brown was examined shortly after Mr. Murray pepper sprayed him. *Id*. Nurse Stewart does not recall evaluating Mr. Brown on October 30, 2020, or any other day. *Id*. If Nurse Stewart had evaluated Mr. Brown, her name would be signed on the appropriate completed paperwork. *Id*. Rather than Nurse Stewart's name appearing on the paperwork, Amanda Hodge's ("Nurse Hodge") name was signed on the paperwork. *Id*. The completed paperwork shows that Mr. Brown suffered some burning to his eyes following the pepper spray on October 30, 2020, but that he sustained no other injuries from that incident. *Id*.

---

[1] Plaintiff, Mr. Brown, has not filed a Response to Defendants' Statement of Undisputed Facts despite this Court's warning that his failure to respond to a statement of facts in the manner outlined by the Court "may result in the Court taking the facts alleged in the matter as true and granting the relief requested." Docket No. 69, p. 3. Pursuant to the Federal and Local Rules, Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

# IV. LAW AND ANALYSIS

## A. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 573, 587 (1986).

Fed R. Civ. P. 56 provides that the nonmoving party may not rest upon mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. However, if a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

B.  **Exhaustion of Administrative Remedies**

Defendants argue that summary judgment should be granted because Mr. Brown "did not exhaust his administrative remedies as to these claims." Docket No. 73, p. 8. The Prison Litigation Reform Act ("PLRA") provides, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. *Id.* at 216.

Further, the exhaustion requirement "is a strong one," and subject to few exceptions. *Napier v. Laurel Cty.*, 636 F.3d 218, 222 (6th Cir. 2011). Even in an instance where "the state cannot grant the particular relief requested," or where a prisoner believes "the remedy is not available" or "the procedure to be ineffectual or futile," exhaustion is still required in order to further the purposes behind the PLRA. *Id.* (citations omitted).

To comply with § 1997e(a), an inmate must properly follow each step of the established grievance procedure that the facility provides to inmates and meet all deadlines within that procedure before filing his § 1983 action. *See Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006). An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Id.* at 83–84.

Defendant, CoreCivic, has a grievance policy available to inmates at Trousdale, like Mr. Brown, to redress issues relating to the conditions of their confinement. Docket No. 78, pp. 1–2. The policy is three-tiered: the first tier allows an inmate to file a grievance within seven days of the occurrence; the second tier allows for an appeal of the first-tier decision within five days of being notified of the response; and lastly, the third tier allows for an appeal of the second-tier decision within five days of the receipt of the response. *Id*.

Mr. Brown avers in his complaint that he filed a grievance through the proper procedure, but never received a response. Docket No. 19, p. 7. But Defendants have proved that no grievance was ever filed prior to the filing of this lawsuit. Docket No. 78, p. 2. Because Mr. Brown did not present his grievances to Defendant through the available administrative process, he has failed to satisfy the requirements of the PLRA. *See* 42 U.S.C. § 1997e(a). However, even if Mr. Brown did file an initial grievance, he did not exhaust the grievance process prior to filing this action. Docket No. 19, p. 7. Thus, Defendants are entitled to summary judgment as a matter of law.

C. **Eighth Amendment Claims**

Even if Mr. Brown had complied with the grievance process, Defendants would be entitled to summary judgment because there were no Eighth Amendment violations.

1. **Excessive Force**

Defendants argue that summary judgment should be granted because Mr. Murray did not use excessive force against Mr. Brown. Docket No. 73, p. 9. The Eighth Amendment protects inmates from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 98, 104–05 (1976); *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). But the maintenance of prison security and discipline may require that inmates be subjected to uses of force that would be actionable outside the prison setting. *Caldwell*

*v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002).

Because of the haste and pressure under which prison officials must make their decisions, courts grant them "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 6. Thus, the question becomes whether the force was exercised "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

In this case, Mr. Brown instigated a fight with correctional officer, Skyler Feldmeier ("Mr. Feldmeier"). Docket No. 77-1, pp. 3-4. Unprovoked, Mr. Brown struck Mr. Feldmeier in the face several times with a closed fist. *Id.* Mr. Brown and Mr. Feldmeier wrestled on the ground for a period of time. *Id.* Ultimately, Mr. Brown was restrained and removed from the scene. *Id.*

Following the incident with Mr. Feldmeier, Arlin Steffanson ("Nurse Steffanson") evaluated Brown and documented that his left jaw was swollen. *Id.* at 1. Nurse Steffanson noted, in the report, that Mr. Brown said "[his] jaw got mess up … last month." *Id.*

Following the evaluation with Nurse Steffanson, Mr. Murray was tasked with searching Mr. Brown to ensure he did not have contraband. Docket No. 79, p. 1. During the search, Mr. Brown became aggressive and attempted to assault Mr. Murray. *Id.* In response, Mr. Murray fired one short burst of pepper spray in Mr. Brown's direction. *Id.* Mr. Murray then placed Mr. Brown in physical restraints. *Id.*.

Mr. Brown was evaluated by Nurse Hodge after the incident. *Id.* at 2. The only injury Nurse Hodge documented, as a result of the incident, was burning to Mr. Brown's eyes. *Id.* Nurse Hodge did not document any other injuries as a result of the incident. *Id.*

When correction officers apply force "in a good-faith effort to maintain or restore discipline[,]" they do not violate a prisoner's Eighth Amendment rights. *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jenngings v. Mitchell*, 93 F.App'x 723, 725 (6th Cir. 2004)). Here, Mr. Murray did not use excessive force because the use of pepper spray was in an effort to deter Mr. Brown from assaulting him. Docket No. 79, p. 1. Mr. Murray's use of force was not "malicious" or "sadistic;" rather, it was necessary to restore order. *Hudson*, 503 U.S. at 9; *Roberson*, 770 F.3d at 406. Therefore, the use of force was not excessive and did not offend the Eighth Amendment. Thus, summary judgment is warranted.

### 2. Inadequate Medical Treatment

Defendants also argue that summary judgment should be granted because Nurse Stewart did not provide inadequate medical treatment to Mr. Brown. Docket No. 73, p. 13. To prevail on this claim, an inmate must first prove "the existence of a serious medical need." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). The seriousness of the inmates medical need is assessed under the "obvious" approach. *Id.* (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Therefore, the medical need must be "obvious even to a layperson." *Id.*

After the inmate proves a serious medical need, the inmate must prove the prison official acted with "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The inmate "must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Nurse Stewart did not provide Mr. Brown with inadequate medical treatment. Mr. Brown alleges that due to the failure to conduct a thorough examination, his broken jaw became infected, requiring him to undergo surgery. Docket No. 19, p. 5. However, Nurse Stewart did not evaluate Mr. Brown on the day of the incident; rather, Nurse Hodge did. Docket No. 79, p. 2; Docket No. 80, p. 1. Had Nurse Stewart evaluated Mr. Brown, her signature would be on the appropriate paperwork. Docket No. 80, p. 1. Thus, even assuming Mr. Brown proved "the existence of a serious medical need," Nurse Stewart could not be deliberately indifferent to it because she never examined Mr. Brown.

## V.  CONCLUSION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to establish that there is a genuine issue of material fact. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Docket No. 72) be **GRANTED**, and this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report an Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Jeffery S. Frensley
United States Magistrate Judge